FIRST CHURCH OF CHRIST SCIENTIST v. RENTZEL.

1. RELIGIOUS SOCIETIES—CHURCHES—TIME FIXED IN BY-LAWS FOR ELECTION OF DIRECTORS MAY NOT BE POSTPONED IN ADVANCE.
    Where the by-laws of a church organization provide that the board of directors be elected at a specified time, the election may not, in advance, be postponed to another time or meeting, but on the specified time those assembled may postpone it to an adjourned meeting.

2. SAME—EXPULSION OF MEMBER ILLEGAL WHERE BY-LAWS NOT FOLLOWED.
    Where a church member was expelled by the board of directors without an investigation of the charges made and admonition of the member given before sentence, as required by the by-laws, said expulsion was illegal and did not affect the voting power of said member.

3. SAME—ELECTION OF DIRECTORS ON SPECIFIED DATE BY QUORUM VALID.
    Where ten members of a church, constituting a quorum, met at the time specified in the by-laws for the annual election of the board of directors, and, finding the church locked, opened the meeting on the steps and adjourned to a near-by house, where they proceeded to elect directors, those so elected were the regularly elected board of directors rather than others elected about two weeks later at a meeting called by the members of the old board.

Appeal from Berrien; White (Charles E.), J.   Submitted December 1, 1927.   (Docket No. 147.)   Resubmitted March 27, 1928.   Decided April 3, 1928.

Bill by the First Church of Christ Scientist against Diedrich Rentzel and others to determine the legality of an election to the board of directors of plaintiff church.   From a decree for defendants, plaintiff appeals.   Affirmed.

[1]Religious Societies, 34 Cyc. p. 1131; 23 R. C. L. 436; [2]Id., 34 Cyc. p. 1125.

*A. P. Cady,* for plaintiff.

*John J. Sterling,* for defendants.

FEAD, C. J.   By bill and cross-bill for injunction, the parties seek to have determined which of two groups was legally elected the board of directors for the year 1927 of the First Church of Christ Scientist in Coloma, Michigan.   The by-laws designated the date of the meeting for the election as January 6, 1927.   Notice was given in church on the Sunday preceding.   Later, because of a claimed epidemic of scarlet fever, the chairman of the board, after talking with five of the other nine directors by telephone, ordered the meeting postponed until a date to be afterward set.   Notice of postponement was given to all members of the church.   On January 6, 1927, however, nine members and Mrs. Mary Bishop (a quorum is ten members) appeared at the church, found it locked, opened a meeting on the front steps under leadership of the vice-chairman of the board, adjourned to a near-by house and elected the defendants directors. The 1926 directors later called a meeting and elected a board on January 20, 1927, the members being the cross-defendants.

The by-laws of the church do not authorize the board of directors to postpone an election meeting.   Moreover, the board did not act legally to that effect as the order of postponement was not authorized at a regularly assembled meeting of the board.   14A C. J. p. 84.

The by-laws of the church provide:

"The rules contained in Roberts' Rules of Order Revised shall govern the meetings of the church in all cases where they are not inconsistent with these by-laws."

Roberts' Rules of Order Revised, p. 122, state:

"A matter that is required by the by-laws to be at-

tended to at a specified time or meeting as the election of officers cannot, in advance, be postponed to another time or meeting, but when that specified time of meeting arrives the assembly may postpone it to an adjourned meeting."

The election of the defendants on the board of directors was valid if Mrs. Bishop was a member qualified to vote.

At the December, 1926, meeting of the board of directors, the chairman presented written charges that Mrs. Bishop was disloyal, the board at once and without notice to the accused voted to sustain the charges, and, by written letter later, Mrs. Bishop was informed that the charges had been presented and sustained, that she was placed on probation for one year, and that "this disqualifies you from holding any church office or attending any church business meeting until again approved by the board."

The disciplinary power of the board is stated in the by-laws:

"The board of directors shall take cognizance of any charges that may be made to them in writing and duly signed, against any member for unscientific conduct, and shall, in their official capacity, investigate the charges, and if in their judgment the same be proven, shall admonish said member, and in their discretion after said admonition, drop his or her name from membership in the church and due notice of such action shall be mailed to such person."

The accused is then given an opportunity to be heard before the congregation on application for restoration to membership.

The action of the board was irregular in that no investigation of the charges was made, nor admonition of the member given before sentence. The sentence was without authority. It was not an expulsion from membership, and the by-laws give the board no power to restrict the voting rights of members. As Mrs.

Bishop was not expelled from membership, she had a vote and counted on a quorum.

The decree dismissing plaintiff's 'bill and declaring defendants the regularly elected board of directors of the church for 1927 is affirmed, with costs.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.